# Donald *v.* Manufacturers' Export Company, *et al.*

*Bill in Equity by Stockholder for the Removal of Directors, the Appointment of Receivers and Dissolution of Corporation.*

1   *Corporation; when directors should not be removed or receiver appointed.*—Where a bill is filed by a stockholder of a corporation, complaining of malfeasance and mismanagement on the part of certain directors, and asking that such directors be

removed from the management of the affairs of the company and be enjoined from exercising any of the powers of stockholders or directors, and for the appointment of a receiver for the corporation, and a dissolution of the corporation, and it appears from the bill that the business of the corporation was not confined to the execution of the contracts and transactions in which it was alleged the said designated directors were unfaithful to the corporation's interest, and it is not shown that said directors have any adverse interest in such independent business, nor does it appear that there is any mismanagement of the corporation in relation to the same, there is shown no ground for the appointment of a receiver or for removing said directors from the management of the affairs of the company, or restraining them from exercising powers as stockholders or directors of the corporation.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this cause was filed by the appellant, Harry G. G. Donald, agaist the Manufacturers' Export Company, a corporation, and J. T. McKeon, William McGee, J. E. North, W. J. Kilduff, H. L. Glover, and David Baird. The purpose of the bill and the facts averred therein are sufficiently set forth in the opinion.

The respondents demurred to the bill on the following grounds:

"First. Because the bill of complaint does not show that any proper application was made to the Board of Directors, assembled as such, to remedy the grievances complained of in the bill. Second. Because the bill of complaint does not show that any proper application was ever made to a meeting of the stockholders, as such to remedy the grievances complained of in the bill of complaint. Third. Because the bill of complaint shows that the Manufacturers' Export Company was organized largely for the purpose of dealing with the Baird Lumber Company, the Bay City Lumber Company, and the J. E. North Lumber Company, and that it was the purpose of the organizers of the said Manufacturers' Export Company to so distribute its stock that those principally interested in said several lumber companies should hold and control a majority of the stock of said corporation, and that the complainant was one of the promoters of the

Manufacturers' Export Company and consented to and participated in such purpose. Fourth. Because said bill of complaint shows that the several contracts which it alleges existed between the Manufacturers' Export Company and the said several lumber companies, were separate and distinct contracts with each of the said several lumber companies, and that there were no joint contracts or dealings between the Manufacturers' Export Company on the one part, and said three lumber companies on the other part, and said bill further shows that only one of the directors of the Manufacturers' Export Company is interested in the Bay City Lumber Company and that only one of said directors is interested in the J. E. North Lumber Company, and that only two of said directors are interested in the Baird Lumber Company. Fifth. Because said bill of complaint shows that there are five directors of the Manufacturers' Export Company, and only one of said directors is in any wise interested in the Bay City Lumber Company, and only one in any wise interested in the J. E. North Lumber Company, and only two in any wise interested in the Baird Lumber Company. Sixth. Because the bill of complaint fails to set out the terms of the several contracts between the Manufacturers' Export Company and the several lumber companies mentioned in the bill of complaint, and fails to set out the facts showing wherein said lumber companies, respectively, violated said several contracts, and fails to allege any facts showing to what extent the Manufacturers' Export Company suffered damage by its failure to enforce said contracts, and fails to allege that the salaries drawn by the several officers of the Manufacturers' Export Company were not fairly fixed by the company before the services were rendered. Seventh. Because the bill of complaint alleges that the Manufacturers' Export Company is engaged in business with others than said several lumber companies, and does not show that any of the directors have any conflicting interest in any of such other dealings or are otherwise disqualified to conduct the same. Eighth. Because the bill of complaint shows that with the consent of the complainant, the Manufacturers' Export Company was so organized that it could not fairly and properly

deal, through its stockholders or board of directors, with the several lumber companies mentioned in the bill of complaint, and yet complains that such directors did not insist upon dealing with said several lumber companies. Ninth. Because the bill of complaint is a bill filed by a single stockholder seeking to dissolve the corporation because the mismanagement of its affairs by a majority of its directors. Tenth. Because the chancery court has no jurisdiction to dissolve a corporation and wind up its affairs, otherwise than in the statutory method.

The said defendants demur to so much of said bill of complaint as seeks to direct that J. T. McKeon, William McGee, and J. E. North may be removed from the management of the affairs of the company, and restrained and enjoined from exercising any power, either as stockholders or directors thereof. First. Because the court has no authority to restrain a majority of the stockholders or directors of the company from exercising the powers vested in them by law as stockholders and directors because they may have improperly or unwisely acted in regard to one or more matters touching the corporate affairs. Second. Because the bill of complaint shows that the said defendants constitute the holders in value of a majority of the stock of said corporation, and that they are not more disqualified to act as stockholders and directors than are David Baird and H. L. Glover, and that, without any of said stockholders participating in the board of directors, there would not be a sufficient number of stockholders to constitute a board of directors of said company.

The said defendants demur to so much of said bill of complaint as seeks the appointment of a receiver of said corporation, because there are no allegations in the bill of complaint showing that the assets of the company are being in any manner misapplied by its board of directors. Second. Because the bill of complaint contains no allegations showing any reason why the affairs of the company should be taken out of the hands of the stockholders and directors.

The said defendants demur to so much of said bill of complaint as seeks to have a receiver authorized and instructed to demand and if necessary, sue for, any and

all sums due to the Manufacturers' Export Company from the Bay City Lumber Company, the J. E. North Lumber Company, and the Baird Lumber Company, or any of them. First. Because there are no allegations in the bill of complaint showing that anything is due by any of said several lumber companies to the said Manufacturers' Export Company. Second. Because the said bill of complaint does not sufficiently set out the several contracts alleged to have existed between the Manufacturers' Export Company and the several lumber companies, nor the facts in regard to the dealings under said contracts, sufficiently to enable the court to see whether there is a liability under said contracts or not.

On the submission of the cause upon the demurrers, the chancellor rendered a decree sustaining them. The complainant refused to amend the bill, submitting the cause on the original bill alone, and the chancellor rendered a final decree dismissing the bill.

The complainant appeals and assigns as error the decree overruling the demurrers to the original bill and the decree dismissing the bill.

FITTS & STOUTZ, for appellant.—Cited *George v. Central R. R. & B. Co.*, 101 Ala., 608. 624; *M. & C. R. R. v. Woods*, 88 Ala., 647; *Perry v. Tuscaloosa C. S. O. M. Co.*, 93 Ala. 368; *O'Connor M. & M. Co. v. Coosa F. Co.*, 95 Ala. 618; *Dexter v. McClellan*, 116 Ala. 37.

GREGORY L. & H. T. SMITH, *contra.*—Cited *L. & N. R. R. Co., v. Neil*, 128 Ala. 156; Cook on Corporations, Vol. 2, § 739; *Nicrosi v. Calera Land Co.*, 115 Ala. 434; 2 Cook on Stock, § 275; *Bridgeport Co. v. Tritch*, 110 Ala. 285.

TYSON, J.—It appears from the bill in this case that complainant is a shareholder in the Manufacturers' Export Company. The corporation had contracts with the Bay City Lumber Company, the Baird Lumber Company, and the J. E. North Lumber Company, for the sale of the products of the saw mills of said companies with the exception of such portion thereof as might be sold by said companies in their local market.

The contract provided that the Manufacturers' Export Company should receive a commission of 5 per cent on the amount of sales made by them. And it is averred that the profits from these commissions would approximate twenty thousand dollars per year. These contracts remained in force until the 7th day of July, 1902, "when they were in form rescinded, or pretended to be rescinded by the board of directors of· said companies, by and with the consent of the officers of said three saw mill companies." It appears that said rescission was accepted for the Bay City Lumber Company by J. T. McKeon, for the J. E. North ·Lumber Company, by J. E. North, and for the Baird Lumber Company, by William McGee. At the time of the rescission McGee was the general manager of the Baird Lumber Company and a stockholder therein, North was the president of the J. E. North Lumber Company and a stockholder therein, and McKeon was a stockholder and an officer of the Bay City Lumber Company. All three were members of the board of directors of the Manufacturers' Export Company, composed of five members, and voted for the rescission. It does not appear that the rescission was opposed by the other members of the board. It appears that during the first year of the existence of the company, the mill companies began to handle their sales through other sources than the Manufacturers' Export Company. Notwithstanding this fact, it appears that during the first year's business, the profits of the company aggregated nearly one hundred per cent on the paid in capital stock. It appears that during the second year's business, the company lost money, "though had said mill companies stuck to their contracts, it would have made money, notwithstanding said loss." Complainant was the manager of the export department of the company from the time of its organization, about the 19th day of September, until the 31st day ·of October, 1901, when he was discharged. , During the second·year and after complainant's discharge, the management of the business. devolved upon McKeon, as president, and McGee as its treasurer,' but the bill avers that other business engaged McKeon and McGee the greater portion of their 'time, and in consequence, the business of the company was "without their valuable services."

[Donald v. Manufacturers' Export Company, *et al.*]

It is averred that the business of the company did not suffer by reason of this fact because of active management devolving upon a bookkeeper who was paid a salary of $1800.00 per year, admitted not to have been unfair. It further appears that during all this time, while the business was practically managed by the book-keeper, McKeon and McGee, president and treasurer, continued to draw from the company salaries of $3000.00 and $2500.00 per annum, respectively, which it is averred was grossly excessive, and that the salaries were unearned, the latter fact being admitted by McKeon and McGee at a stock meeting of the stockholders on the 7th day of July, 1902. On June 30th, 1902, complainant addressed a letter to each of the members of the board of directors in which he demanded that the contracts between the company and the three mill companies be enforced, and protested against the payment of fancy salaries to the officers of the company who performed nominally or no services therefor. He required that action be taken at the approaching annual meeting to collect all sums of the company, and the letter contained a notice that unless complainant's demand was complied with, he would file a bill in equity for the purpose of having a receiver appointed who would enforce such claims against said companies, and for the protection against said unearned salaries. It appears that North, McKeon, McGee, and Baird owned all but 27 1-2 shares of the 125 shares constituting the capital stock of the company. At the meeting of the shareholders on July 7th, 1902, the president, McKeon, suggested the postponement until 7 o'clock of the same day. It was between the postponement and the hour appointed that the board of directors held a special meeting and rescinded the contracts with the saw mill companies.

The prayer of the bill is that McGee and North be removed from the management of the affairs of the company, that they be enjoined from exercising any power as stockholders or directors, for the appointment of a receiver to collect all sums due the company from the three mill companies, and the unearned salaries of McKeon and McGee, and that the company be dissolved and the assets distributed.

Demurrers were interposed to the bill which were sustained, and complainant refused to amend, submitted upon the original bill alone, and a final decree was rendered dismissing the bill.

It is unnecessary to consider whether the complainant could file the bill in his own name, for if this fact be conceded, complainant was not entitled to relief.

If the contracts with the three mill companies were fraudulently rescinded, complainant upon a proper predicate being shown may file a bill in his own name, in behalf of the corporation for the enforcement of its rights thereunder. So too, if the directors have in abuse of their trust paid to themselves unreasonable salaries as officers of the corporation, complainant has like rights and remedies.—*Alabama Coal & Coke Co. v. Shackelford,* 137 Ala. 224.

It appears from the bill that the business of the corporation is not confined to the execution of the contracts with the three mill companies. It is not shown that the directors have any adverse interest in such independent business, nor does it appear that there is any mismanagement of the corporation in relation to the same. Under such circumstances, it certainly cannot be said that the assets and business of the corporation are imperiled, necessitating the intervention of the court of chancery for the appointment of a receiver. Nor for the same reason is there sufficient ground why the respondents should be removed from the management of the affairs of the company or restrained from exercising powers as stockholders or directors thereof. The remedy of complainant, as is stated above, is to redress the wrongs complained of in the name of the corporation.

The demurrer to the bill was well taken and the decree of the chancery court must be affirmed.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J. J., concurring.